UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG DOUGLAS, | No. 2:14-cv-2605 CKD (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted in part and denied in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On October 19, 2011, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on March 15, 2009. (Transcript ("Tr.") at 22, 165-74.)  Plaintiff's application was denied initially,

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c).  (See Dkt. Nos. 7 & 9.)

(id. at 101-05), and upon reconsideration. (Id. at 109-13.) Thereafter, plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on February 6, 2013. (Id. at 41-68.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 41-43.) In a decision issued on March 22, 2013, the ALJ found that plaintiff was not disabled. (Id. at 34.)

The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since October 19, 2011, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following medically severe combination of impairments: myalgia and myositis of the lumbar spine, lumbosacral neuritis or radiculitis, degenerative disc disease of the lumbar spine, cervical spine and lumbar spine strain/sprain, severe osteoarthritis of the bilateral hips, and a history of impingement syndrome of the left shoulder (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a). Moreover the claimant can lift or carry 20 pounds occasionally and 10 pounds frequently. He requires the use of a cane for long distance and uneven terrain walking. He can occasionally climb, stoop, kneel, crawl, and crouch.
>
> 5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on November 1, 1967 and was 43 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can

perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since October 19, 2011, the date the application was filed (20 CFR 416.920(g)).

(Id. at 24-33.)

On September 9, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's March 22, 2013 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 6, 2014.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt.

> 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff asserts the following four principal claims: (1) the ALJ erred at step two of the sequential evaluation; (2) the ALJ's treatment of the medical opinion evidence constituted error; (3) the ALJ erred by discrediting plaintiff's subjective testimony; and (4) the ALJ's step five determination is not supported by substantial evidence. (Pl.'s MSJ (Dkt. No. 14-2) at 9-21.[2])

**I.  Step Two**

Plaintiff argues that the ALJ erred at step two of the sequential evaluation by failing to consider plaintiff's ankle and foot injuries. (Id. at 9-10.) At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, and carrying;

---

[2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and
2  remembering simple instructions; (4) use of judgment; (5) responding appropriately to
3  supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine
4  work setting.  20 C.F.R. §§ 404.1521(b) & 416.921(b).

5  　　　　The Supreme Court has recognized that the Commissioner's "severity regulation increases
6  the efficiency and reliability of the evaluation process by identifying at an early stage those
7  claimants whose medical impairments are so slight that it is unlikely they would be found to be
8  disabled even if their age, education, and experience were taken into account."  Yuckert, 482 U.S.
9  at 153.  However, the regulation must not be used to prematurely disqualify a claimant.  Id. at 158
10 (O'Connor, J., concurring).  "An impairment or combination of impairments can be found not
11 severe only if the evidence establishes a slight abnormality that has no more than a minimal effect
12 on an individual[']s ability to work."  Smolen, 80 F.3d at 1290 (internal quotation marks and
13 citation omitted).  "[A]n ALJ may find that a claimant lacks a medically severe impairment or
14 combination of impairments only when his conclusion is 'clearly established by medical
15 evidence.'"  Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling
16 ("SSR") 85-28); cf Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to
17 satisfy the step two burden where "none of the medical opinions included a finding of
18 impairment, a diagnosis, or objective test results").  "Step two, then, is 'a de minimis screening
19 device [used] to dispose of groundless claims[.]'"  Webb, 433 F.3d at 687 (quoting Smolen, 80
20 F.3d at 1290); see also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing
21 this "de minimis standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13
22 (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

23 　　　　Here, plaintiff notes that he "sustained a crush injury" to his ankle when a "machine fell
24 off a truck" requiring plaintiff to undergo "an extensive, yearlong course of treatment," which
25 included surgery.  (Pl.'s MSJ (Dkt. No. 14-2) at 10.)  The injury plaintiff refers to, however,
26 occurred in July of 2001.  (Tr. at 332-33.)  In this regard, plaintiff cites to a November 11, 2002
27 opinion from Dr. Joel Renbaum, in which Dr. Renbaum discussed plaintiff's injury but also stated
28 that plaintiff's "subjective complaints appear to outweigh the objective findings," and that

1   plaintiff did not require a limitation to "semisedentary work." (Id. at 337.)

2   Moreover, plaintiff testified at the February 6, 2013 administrative hearing that he last worked for pay on March 9, 2009, well after his July 2001 injury.[3] (Id. at 51.)  When asked by the ALJ if his ankle injury was "all healed up and . . . fine," plaintiff answered "[y]es, but it's starting to bother me again since I had these other issues." (Id. at 52.)  That is consistent with the February 9, 2012 examining opinion of Dr. Gerald Barnes, who noted plaintiff's prior ankle injury and surgery, and found it "interesting because [plaintiff] no longer offers any complaints secondary to ankle problems." (Id. at 1293.)

9   In this regard, plaintiff has failed to offer any evidence that he had a current foot or ankle impairment such that the ALJ should have found that impairment to be severe at step two of the sequential evaluation.  See Ukolov, 420 F.3d at 1006 ("Because none of the medical opinions included a finding of impairment, a diagnosis, or objective test results, Ukolov failed to meet his burden of establishing disability.").  Accordingly, the court finds that plaintiff is not entitled to relief with respect to this claim.

**II.     Medical Opinion Evidence**

In his pending motion plaintiff asserts that the ALJ's treatment of the medical opinion evidence constituted error.  (Pl.'s MSJ (ECF No. 14-2) at 10-17.)

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual.  Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).  The uncontradicted opinion of a treating or examining physician may be rejected only for

---

[3] A January 22, 2011 medical opinion states that plaintiff "was laid off from the job on March 17, 2009," after plaintiff injured his back "unloading materials from the truck to the pallet[.]" (Tr. at 1346.)

6

clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) In addition, greater weight should be given to the "'opinion of a specialist about medical issues related to his or her area of specialty.'" Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(5)). Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, on April 4, 2011, Dr. Vatche Cabayan, plaintiff's treating physician, opined that plaintiff was limited in several respects, including limitations to no continued sitting, standing or walking greater than 20 minutes, lifting 15 pounds overhead, and to performing such activities only once or twice an hour. (Tr. at 1080.) The ALJ afforded Dr. Cabayan's opinion "reduced weight," due to the "lack of significant objective finding." (Id. at 32.)

"[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004). Moreover, the ALJ's finding was supported by substantial evidence in the record. In this regard, after discussing plaintiff's subjective complaints, Dr. Cabayan addressed his objective findings. Those findings included "normal gait and station," "well maintained" spinal curvatures, "no spasm or splinting," "excellent" range of motion, negative straight leg raise and sitting root tests, and "no leg or ankle weakness." (Id. at 1081.)

Plaintiff also challenges the ALJ's treatment of the opinion of examining physician, Dr. Gerald Barnes. In this regard, on February 9, 2012, Dr. Barnes conducted a comprehensive orthopedic evaluation. (Id. at 1292.) After examining plaintiff and reviewing his medical

7

records, Dr. Barnes opined that plaintiff could stand/walk for less than two hours, sit up to two hours, lift 20 pounds occasionally and 10 pounds frequently, and was limited in his ability to climb, kneel and crouch.  (Id. at 1296.)

The ALJ considered Dr. Barnes' opinion, along with the opinions of two non-examining state agency physicians, Dr. P.N. Ligot and Dr. J. Zheutlin.  (Tr. at 31.)  The ALJ elected to afford "some weight" to all three opinions, but gave "more weight" to Dr. Ligot's opinion, "as Dr. Zheutlin's opinion" was "slightly conservative."  (Id.)  As noted above, however, "[t]he opinion of an examining physician is . . . entitled to greater weight than the opinion of a nonexamining physician."  Lester, 81 F.3d at 830; see also Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) ("While the opinion of a treating physician is thus entitled to greater weight than that of an examining physician, the opinion of an examining physician is entitled to greater weight than that of a non-examining physician.").

Moreover, an examining physician's uncontradicted opinion may be rejected only for clear and convincing reasons, and when an examining physician's opinion is controverted by another doctor's opinion, the examining physician's opinion may be rejected only for specific and legitimate reasons supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31. Here, the ALJ went on to state that while Dr. Barnes' lifting and carrying restrictions "seem to be consistent with the objective evidence," the sitting, standing, and walking limitations were "highly conservative," and that it appeared that Dr. Barnes "relied partially on what the claimant reported his abilities are."  (Tr. at 31.)

The ALJ then stated:

> For instance, the claimant reported that he has pain upon sitting more than ten minutes; therefore, Dr. Barnes opined the claimant could sit two hours.  There are inconsistencies and possible exacerbation of symptoms during Dr. Barnes' examination.  The claimant reported the he dependent (sic) on the use of a cane.  He said that he uses it every day.  However, he did not have it with him when he attended Dr. Barnes examination.  Furthermore, Dr. Barnes notes watching the claimant walk out of the examination room "better" than when he entered.

(Id.)

////

8

However, an ALJ may not simply pick and choose from an examining physician's opinion, using only those portions favorable to a finding of nondisability, without providing specific and legitimate reasons for doing so that are supported by substantial evidence. See generally Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004) (ALJ not entitled to "pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability"); Loza v. Apfel, 219 F.3d 378, 393-94 (5th Cir. 2000) (ALJ "cannot 'pick and choose' only the evidence that supports his position"); Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) (ALJ may reject portion of opinion by providing "specific and legitimate reasons based on substantial evidence in the record"); Switzer v. Heckler, 742 F.2d 382, 385-86 (7th Cir. 1984) ("the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper"); Fiorello v. Heckler, 725 F.2d 174, 176 (2d Cir. 1983) (while the ALJ is not obligated to "reconcile explicitly every conflicting shred of medical testimony," she cannot simply selectively choose evidence in the record that supports her conclusions); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (An ALJ is not permitted to reach a conclusion "simply by isolating a specific quantum of supporting evidence").

Here, the ALJ has not offered specific and legitimate reasons for rejecting Dr. Barnes' opinion. In this regard, contrary to the ALJ's assertion, it is clear from reading Dr. Barnes' opinion that he did not rely on plaintiff's reported abilities, but instead rejected plaintiff's claims about his abilities. It is also clear that Dr. Barnes was aware of the possibility that plaintiff was exacerbating his symptoms. In this regard, Dr. Barnes' opinion noted instances in which plaintiff claimed to be more limited than Dr. Barnes found.

For example, Dr. Barnes' opinion states that plaintiff "claims to have pain sitting more than 10 minutes," but Dr. Barnes "would say up to two hours." (Tr. at 1296.) In terms of ability to lift, plaintiff "states five pounds," but Dr. Barnes opined that it was "more likely in the 20 pounds occasionally and 10 pounds frequently." (Id.) Moreover, it was Dr. Barnes' opinion that noted that plaintiff claimed he was dependent on a cane but did not bring it with him and that

/////

/////

plaintiff walked out of the examination room better than he walked when entering.[4] (Tr. at 1295.) In this regard, it is entirely unclear why Dr. Barnes' rejection of plaintiff's claims and observance of plaintiff's possible exacerbation of his limitations should serve as a basis to reject Dr. Barnes' opinion.

For the reasons stated above, the court finds that the ALJ failed to offer specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Barnes' opinion. Accordingly, plaintiff is entitled to summary judgment in his favor with respect to this claim.

### III.   Plaintiff's Subjective Testimony

Plaintiff argues that the ALJ's treatment of plaintiff's testimony constituted error. (Pl.'s MSJ (Dkt. No. 14-2) at 17-19.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At

---

[4] This is not to say that Dr. Barnes did not find objective evidence of physical impairment. In this regard, Dr. Barnes found that plaintiff had "rather marked limitation of motion in his left hip, with positive Fabere sign," and "severe loss of rotation of the left hip," (Tr. at 1295), which Dr. Barnes opined would "without surgery impose limitations continuous for 12 months[.]" (Id. at 1296.)

the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's complaints of total disability were not credible. (Tr. at 30.) One reason offered by the ALJ in support of this finding was that the "record includes evidence strongly suggesting that the claimant has exaggerated symptoms and limitations." (Id.) In this regard, the ALJ noted that Dr. Barnes found that plaintiff walked with a "shuffling gait," but appeared to be in "no acute physical distress." (Id.) The ALJ also noted that Dr. Barnes observed that plaintiff "seemed to be walking much better" when he left the examination and was not dependent on a cane.[5] (Id.) The ALJ also noted that both Dr. Cabayan and Dr. Stephen Choi found that plaintiff had a normal gait.[6] (Id. at 30-31.)

/////

---

[5] Dr. Barnes' opinion also stated that plaintiff's "subjective complaints [were] not supported by past medical exam," (Tr. at 1294), and that, although plaintiff claimed that he "had studies that showed that he had ruptured disks and some nerve involvement . . . . medical records within the last two years deny that." (Id. at 1296.)

[6] Dr. Cayban's opinion also stated that plaintiff's "fingers fail to touch his toes by approximately 9 inches but with little effort on his part, it appears." (Tr. at 1081.)

11

An ALJ may consider evidence that plaintiff is exaggerating symptoms in making a credibility determination. See Williamson v. Commissioner Of Social Security, 438 Fed. Appx. 609, 611 (9th Cir. 2011) ("proper for the ALJ to discount Williamson's testimony based on Dr. Eckstein's observation that there was reason to suspect that Williamson exaggerated her symptoms")[7]; Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (holding credibility determination based on tendency to exaggerate supported by substantial evidence); Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("efforts to impede accurate testing of her limitations supports the ALJ's determinations as to her lack of credibility").

Accordingly, for the reasons stated above, plaintiff is not entitled to relief with respect to this claim.

SCOPE OF REMAND

With error established, the court has the discretion to remand or reverse and award benefits.[8] McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

Here, plaintiff argues that this matter should be remanded for further proceedings. (Pl.'s MSJ (Dkt. No. 14-2) at 21.) Because it is not clear from the record that the ALJ would be

---

[7] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[8] The court need not address plaintiff claim that the ALJ erred at step five of the sequential evaluation in light of the remand required by the ALJ's error at a prior step. See Moreno v. Astrue, No. 2:11-cv-2454 CKD, 2013 WL 599962, at *8 (E.D. Cal. Feb. 14, 2013) ("Because the ALJ committed error at step two of the disability evaluation in failing to consider several findings from Drs. Klein, Scaramozzino, Lopez and Adeyomo, the court need not reach these further arguments."); Sanchez v. Apfel, 85 F.Supp.2d 986, 993 n. 10 (C.D. Cal. 2000) ("Having concluded that a remand is appropriate because the ALJ erred in ending the sequential evaluation at Step Two, this Court need not consider the issue of plaintiff's credibility.").

required to find plaintiff disabled if all the evidence were properly evaluated, the court agrees.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 14) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (Dkt. No. 20) is granted in part and denied in part;

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated: March 25, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

BVD\douglas2605.ord.docx